IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JENNIFER MERCIER,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 1:07-CR-86 TS |

This matter is before the Court for consideration of Defendant's Pro Se Motion for Early Termination of Supervised Release.[1] For the reasons discussed below, the Court will grant Defendant's Motion.

## I. BACKGROUND

Defendant was charged by Indictment on November 19, 2007, with six counts of bank fraud, in violation of 18 U.S.C. § 1344, and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. Defendant pleaded guilty to Counts I, VII, and VIII of the Indictment.

---

[1] Docket No. 28.

1

Defendant was sentenced on February 25, 2008, to a total of 51 months in the custody of the Bureau of Prisons, to be followed by a 60-month term of supervised release. The Court instructed that 24 months of Defendant's 51-month term of imprisonment run concurrent to her state sentence.

Defendant has completed over 26 months of supervision. Defendant requests that she be released from the remaining 34-month term of supervision. Defendant argues that termination of her supervision is warranted because she has complied with all conditions of supervised release and has maintained employment or been actively seeking employment while on supervision. Consultation with Defendant's supervising officer confirms that Defendant has remained compliant with the terms of her supervised release, attended drug and mental health treatment, and fulfilled all of her financial obligations. The Government makes no objection to Defendant's Motion.

## II. DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and in the interest of justice.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Pro Se Motion for Early Termination of Supervised Release (Docket No. 28) is GRANTED. It is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately and this case shall be closed.

DATED   December 17, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge